# Third District Court of Appeal

## State of Florida

Opinion filed August 5, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D26-0368
Lower Tribunal No. F07-6416A
_____

**Scott B. Lowe,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Christine Hernandez, Judge.

Scott B. Lowe, in proper person.

James Uthmeier, Attorney General, for appellee.

Before FERNANDEZ, MILLER and LOBREE, JJ.

MILLER, J.

Appellant, Scott B. Lowe, challenges the summary denial of his motion to correct an illegal sentence filed under Florida Rule of Criminal Procedure 3.800(a).  In his motion, he contends that the operative charging document failed to allege the essential elements to support the twenty-year minimum mandatory sentence he received.  While his assertion was timely and not barred by his prior collateral attacks on his sentence, as the trial court correctly observed, the allegation of illegality is specious.  See Brooks v. State, 969 So. 2d 238, 242 (Fla. 2007) (motions to correct sentencing errors under rule 3.800 "may be raised at any time, . . . [but] both the error and the defendant's entitlement to relief must be evident from the face of the record and the applicable law.").  The operative information contains the necessary elements supporting the discharge minimum mandatory and the verdict form reflects the jury rendered the corresponding findings.  See § 775.087(1)(a), Fla. Stat. (2010) ("[W]henever a person is charged with a felony . . . and during the commission of such felony the defendant carries, displays, uses, threatens to use, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as . . . [,] [i]n the case of a felony of the first degree, to a life felony."); Espinoza v. State, 264 So. 3d 343, 344 (Fla. 5th DCA 2019) ("To pursue an enhanced

mandatory sentence as the 10-20-Life statute [prescribes], the state must allege the grounds for enhancement in the charging document. The statutory elements for such enhancement must be precisely charged in the information." (alteration in original) (quotations omitted)). Accordingly, we affirm in all respects.

Affirmed.